UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JAMAL CRAIG, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 18-294-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Jamal Craig has filed a *pro se* "Motion for Judicial Recommendation." [R. 1]  For administrative purposes, the Clerk of the Court has docketed Craig's motion as a habeas corpus petition pursuant to 28 U.S.C. § 2241, presumably because Craig seeks earlier release from custody to a halfway house.  The construed petition is before the Court for initial review.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In July 2013, in the United States District Court for the Eastern District of Pennsylvania, Craig pled guilty to one count of robbery which interferes with interstate commerce in violation of 18 U.S.C. § 1951(a) (Count One) and one count of brandishing, using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count Two).  In October 2013, Craig was sentenced to a term of imprisonment of 1 day on Count One and 84 months on Count Two, to run consecutively

to the sentence imposed on Count One, for a total term of imprisonment of 84 months and 1 day.  In the Judgment, the sentencing court made the following recommendations to the Bureau of Prisons ("BOP"): "defendant be: (1) evaluated and treated for low back pain; (2) evaluated and treated for mental and emotional health issues; (3) evaluated and treated for substance abuse; (4) afforded the opportunity to pursue college degree; and (5) designated close to Philadelphia, Pennsylvania." *United States v. Craig*, No. 2:13-cr-158-TJS-1 (E.D. Pa. 2013).

Craig is now confined at the Federal Medical Center in Lexington, Kentucky, with a projected release date in March 2019. See [https://www.bop.gov/inmateloc/](https://www.bop.gov/inmateloc/).  Although the exact relief requested through his motion is not entirely clear, he appears to be requesting this Court issue a recommendation to the BOP that he be allowed to serve at least six months, 180 days or 10 per cent of his sentence, whichever is less, in a halfway house or home confinement, based upon his current family circumstances and his efforts at rehabilitation.  [R. 1 at p. 1]

While the Court commends Craig on his efforts at rehabilitation, his request must be denied because this Court has no authority to make such a recommendation pursuant to 28 U.S.C. § 2241 merely because Craig is confined within this district.  Nor may Craig file a freestanding motion in this Court requesting such relief.  Program Statement 5100.08, upon which Craig relies,

2

permits the BOP to consider recommendations made by the sentencing court in making inmate classification, designation and re-designation determinations, including inmate placement decisions. However, Craig's sentence was imposed by the United States District Court for the Eastern District of Pennsylvania, not this Court, thus this Court does not have the authority to make such a recommendation.

Finally, although Craig does not appear to be challenging any decision of the BOP with respect to his placement in a halfway house, even if the Court broadly construed his petition to raise such a challenge, he would not be entitled to relief. Although Residential Reentry Center ("RRC") placement and home confinement are helpful resources for readjustment to society, a federal prisoner does not have a constitutionally protected right to serve the final twelve months of his sentence in either an RRC or home confinement. The Second Chance Act of 2007, which is cited by Craig, only requires the BOP to *consider* placing an inmate in an RRC or home confinement for up to twelve-months; it does not automatically entitle, or guarantee, any prisoner such placement for any period of time. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. CV 5:15-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015); *Harris v. Hickey*, No. 10-CV-135-JMH, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010).

Moreover, before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Here, Craig fails to indicate whether he has even presented his request for RRC or home detention placement to the BOP. Even if he had made such a request to the BOP, the BOP's determinations regarding halfway house placement are expressly insulated from judicial review under the APA. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

Thus, for all of these reasons, Craig's motion, construed as a habeas petition, will be denied and this proceeding closed.

Accordingly, **IT IS ORDERED** that:

1. Jamal Craig's "Motion for Judicial Recommendation." [R. 1], construed in part as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, is **DENIED**.

2. For the reasons stated herein, the Court **CERTIFIES** that any appeal would not be taken in good faith.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4

4.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 24th day of July, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge